PENZATO, J.
Appellant, Joseph D. Huffman, seeks review of a district court judgment that affirmed the suspension of his driver's license and required him to install an ignition interlock device prior to its reinstatement. For the reasons that follow, we affirm the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
On July 31, 2016, around 2:30 a.m., Louisiana State Trooper William Cook stopped Mr. Huffman for a traffic violation. When Trooper Cook approached the vehicle, he smelled an odor of an alcoholic beverage and observed Mr. Huffman swaying while trying to stand. Trooper Cook became suspicious that Mr. Huffman was impaired, but did not suspect Mr. Huffman to be *594 under the influence of drugs. Therefore, he decided to administer field sobriety tests. Mr. Huffman performed poorly on the standardized field sobriety testing and was arrested for driving while intoxicated and transported to the Livingston Parish Jail. Trooper Cook read to Mr. Huffman the applicable portions of the standardized arrestee's rights form, "Rights Relating to the Chemical Test for Intoxication."[1] Mr. Huffman refused to sign the form, but submitted to the chemical test for intoxication. The results indicated a .172 grams percent blood alcohol concentration.
Mr. Huffman's driver's license was suspended, and he timely requested, and was granted, an administrative hearing to contest the suspension. Mr. Huffman's suspension was affirmed. He filed suit in the Twenty-First Judicial District Court to challenge the suspension. A de novo hearing on the merits was held on April 3, 2017. The district court heard testimony from witnesses, and evidence was submitted. The district court ordered post-trial memoranda, and took the matter under advisement. On May 5, 2017, the district court issued reasons for judgment, and signed a judgment affirming the 365 day suspension of Mr. Huffman's driving privileges, and requiring Mr. Huffman to install an ignition interlock device in his vehicle prior to reinstatement of his driver's license. From that judgment, Mr. Huffman appeals.
ASSIGNMENTS OF ERROR
Mr. Huffman asserts that the district court erred in finding that (1) even though he was not advised of all of the rights as required by La. R.S. 32:661(C)(1), the test results were admissible, since he was not prejudiced; and (2) the provisions of La. R.S. 32:667(I)(1)(b) were proven by competent evidence to be applicable in this matter, thereby requiring the use of an ignition interlock device at the time of reinstatement.
LAW AND DISCUSSION
On review of the administrative suspension of a driver's license pursuant to the implied consent law, the district court is required to conduct a trial de novo to determine the propriety of the suspension. Such a trial is a civil action amenable to all of the ordinary rules of procedure and proof. Further, the fact that this is an action for judicial review of a decision resulting from an administrative hearing does not change the burden of proof placed by law. Stoltz v. Dept. of Public Safety and Corrections , 2013-1968 (La. App. 1 Cir. 6/25/14), 147 So.3d 1131, 1133.
Louisiana's implied consent statute, La. R.S. 32:661(A)(1), provides, in pertinent part, as follows:
Any person ... who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent ... to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood, and the presence of any abused substance or controlled dangerous substance ... if arrested for any offense arising out of acts alleged to have been committed while the person was driving ... while believed to be under the influence of alcoholic beverages or any abused substance or controlled dangerous substance ....
Louisiana Revised Statutes 32:661(C) provides as follows with regard to the procedures *595 which must be performed before the test is administered:
(1) When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first read to the person a standardized form approved by the Department of Public Safety and Corrections. The department is authorized to use such language in the form as it, in its sole discretion, deems proper, provided that the form does inform the person of the following:
(a) His constitutional rights under Miranda v. Arizona.
(b) That his driving privileges can be suspended for refusing to submit to the chemical test.
(c) That his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of 0.08 percent or above or, if he is under the age of twenty-one years, a blood alcohol level of 0.02 percent or above.
(d) That his driving privileges can be suspended if he submits to the chemical test and the test results show a positive reading indicating the presence of any controlled dangerous substance listed in R.S. 40:964.
(e) The name and employing agency of all law enforcement officers involved in the stop, detention, investigation, or arrest of the person.
(f) That refusal to submit to a chemical test after an arrest for an offense of driving while intoxicated if he has refused to submit to such test on two previous and separate occasions of any previous such violation is a crime under the provisions of R.S. 14:98.2 and the penalties for such crime are the same as the penalties for first conviction of driving while intoxicated.
(2) In addition, the arresting officer shall, after reading said form, request the arrested person to sign the form. If the person is unable or unwilling to sign, the officer shall certify that the arrestee was advised of the information contained in the form and that the person was unable to sign or refused to sign.
In the instant case, Trooper Cook testified that he did not suspect Mr. Huffman to be under the influence of drugs. There is no dispute that Trooper Cook read to Mr. Huffman the applicable portions of the standardized form approved by the Department of Public Safety and Corrections (DPS). Further, there is no dispute that subsection (d) of La. R.S. 32:661(C)(1) regarding chemical testing for the presence of a controlled dangerous substance is not contained in this form, and therefore was not read to Mr. Huffman. The issue raised in Mr. Huffman's first assignment of error is whether the results of Mr. Huffman's chemical test for intoxication are admissible despite the failure of the standardized form to include La. R.S. 32:661(C)(1)(d) regarding chemical testing for the presence of a controlled dangerous substance.
We find that the omission of subsection (d) from the standardized rights form does not require the exclusion of the results of Mr. Huffman's chemical test for intoxication. In Jones v. State, Dept. of Public Safety , 98-2597 (La. App. 1 Cir. 12/28/99), 747 So.2d 774, 775, Mr. Jones contended that the rights form that he was provided with prior to his submission to the blood test which formed the basis of his driver's license suspension was defective in that it did not list all of the law enforcement officers involved in the "stop, detention, investigation, or arrest of [his] person" in accordance with La. R.S. 32:661C(1)(e). The district court reversed the suspension of his license for failure to list certain *596 officers on the rights form, apparently concluding that a failure to comply with this requirement of La. R.S. 32:661 was a defect fatal to the validity of the blood test results. Id. at 776. On appeal, the court noted that:
There is no constitutional infringement involved in subjecting persons suspected of driving while intoxicated to a chemical test and no constitutional requirement that such persons be advised of the consequences of taking the test and of adverse test results. The failure of a law enforcement officer to comply with the procedure required by statute offends no constitutional rights of the person to be tested. Accordingly, the drastic remedy or sanction of the judicially created exclusionary rule, designed to deter wrongful police conduct which impinges on constitutionally protected rights, need not and should not be applied to exclude chemical test evidence obtained without compliance with the statutory warning procedure. Compliance by law enforcement officers with the statutory requirements is a matter which should be required and regulated internally within the law enforcement agencies.
Id. at 776-77 (citing State v. Fortner , 478 So.2d 673 (La. App. 2 Cir. 1985) ).connection with the following circumstances as a condition of the reinstatement of such person's driver's license:
* * *
(b) Any person who has submitted to an approved chemical test for intoxication where the results indicate a blood alcohol level of 0.08 percent or above *597 and whose driver's license has been suspended in accordance with the law for an arrest occurring within ten years of the first arrest.
In Veasman , this court found that the evidence adduced at trial did not establish an arrest for driving while intoxicated but simply established a previous suspension and a refusal of a chemical test. Id. at 92. In the instant case, unlike the situation in Veasman , evidence was introduced at trial that Mr. Huffman was arrested on August 20, 2008 for driving while intoxicated, was convicted of same on January 22, 2009, and that his driver's license was suspended in connection therewith. Thus, we find that that the provisions of La. R.S. 32:667(I)(1)(b) were proven by competent evidence and that Mr. Huffman is required to install an ignition interlock device in his motor vehicle as a condition of the reinstatement of his driver's license. Mr. Huffman's second assignment of error has no merit.
CONCLUSION
For the foregoing reasons, the May 5, 2017 judgment, affirming the suspension of Joseph D. Huffman's driver's license and requiring him to install an ignition interlock device prior to its reinstatement, is affirmed. Costs of this appeal are assessed against appellant, Joseph D. Huffman.
AFFIRMED.

Trooper Cook did not read the portions of the form applicable in the event of a fatality/serious bodily injury, for a driver under the age of 21, or for a driver operating a commercial motor vehicle or possessing a commercial driver's license.